**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Truk Vincent CAREY, Defendant— Appellee.**

No. 02–30298.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided June 10, 2003.

\* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: LAY,\* WALLACE, and TALLMAN, Circuit Judges.

MEMORANDUM \*\*

The United States brings this interlocutory appeal from an adverse decision by the Hon. James A. Redden (D.Oregon) excluding evidence that defendant Truk Vincent Carey ("Carey") possessed various "burglary tools." Carey's possession of the alleged burglary tools was to be offered as evidence at Carey's trial for being a felon in possession of a firearm. The district court granted Carey's motion in limine to exclude the introduction of this evidence. The district court issued its ruling in a minute order that reads in its entirely as follows:

> Defendant's motion in limine (doc. 21) to exclude introduction of miscellaneous items [the burglar's tools] seized from car at the time of arrest is GRANTED. *United States v. Vizcarra–Martinez,* 66 F.3d 1006, 1012–15 (9th Cir.1995); *United States v. Blackstone,* 56 F.3d 1143, 1145–47 (9th Cir.1995).

The district court's order does not provide the basis for its ruling. The *Vizcarra–Martinez* case cited in the district court's order discusses the requirements for the admissibility of evidence that is "inextricably intertwined" with the underlying offense. 66 F.3d at 1012–13. The *Blackstone* case cited by the district court does not undertake an "inextricably intertwined" analysis, but does discuss the ad-

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mission of evidence under Fed.R.Evid. 404(b) and 403. 56 F.3d at 1145–47.

On this record, we cannot determine if the district court considered whether the evidence was "inextricably intertwined" with the discovery of the handgun in Carey's vehicle, but rejected the government's argument. *See United States v. Williams,* 291 F.3d 1180, 1189 (9th Cir.2002). Nor can we tell whether the district court ruled the evidence inadmissible under Rule 404(b), *see Vizcarra–Martinez,* 66 F.3d at 1013, or inadmissible under Rule 403, *see Blackstone,* 56 F.3d at 1146.

Because it is not possible to determine the exact basis of the district court's decision, we remand and instruct the district court to clarify its ruling. The district court shall have 45 days in which to hold any additional hearings that might be required to consider the admissibility of the evidence under both of the government's arguments: (1) the evidence is admissible because it is "inextricably intertwined" with the underlying offense, or (2) the evidence is admissible under Rule 404(b). The district court may also consider the admissibility of the evidence under Rule 403. The district court shall advise us of its ruling.

We expressly retain jurisdiction over this case and will rule on the appeal after receipt of the district court's response. No additional briefing by the parties is necessary.

VACATED and REMANDED.